## Case No. 11,628.

### In re REDFIELD.

[1 Ben. 535.] [1]

District Court, S. D. New York. Nov., 1867.

BANKRUPTCY—POOR DEBTOR—GENERAL ORDER No. 30.

An order, directing that the fees and costs in a bankruptcy case shall not exceed the amount of the bankrupt's deposit, should only be made after a personal examination of the bankrupt.

In this case the bankrupt [Justus S. Redfield] applied, under general order No. 30, upon an affidavit that he had no means, for an order that the fees and costs should not exceed the amount of the deposit. THE COURT held that, on similar applications, the order should only be made on the personal examination of the bankrupt as to his means.

[Subsequently the court refused the application after the personal examination of the bankrupt. Case No. 11,629.]

## Case No. 11,629.

### In re REDFIELD.

[2 Ben. 71.] [1]

District Court, E. D. New York. Dec., 1867.

BANKRUPTCY — LIMITATION OF COSTS — MISSTATEMENT IN PETITION.

Where a bankrupt applied, under the 30th rule, for an order that the costs should not exceed the sum deposited with the clerk, and, on being examined, testified to certain sums, expended by him for his subsistence during the past year, all of which were borrowed and still unpaid, but his petition contained no statement of such indebtedness: *Held*, that if his testimony was true, no discharge could be granted on his petition in its present condition. The present application must be denied.

[In the matter of Justus S. Redfield, a bankrupt. This was a hearing on petition for an order directing that the fees and costs shall not exceed the amount of the deposit. The court refused the application, except after the personal examination of the bankrupt as to his means. Case No. 11,628. The case is now heard upon the examination.]

BENEDICT, District Judge. This is an application on the part of the bankrupt, under the 30th rule, for an order directing that the costs and fees of his proceedings should not exceed the sum deposited with the clerk under the act [of 1867 (14 Stat. 517)]. Under what is deemed a proper practice upon all applications of this description, the petitioner was directed to appear and be examined orally as to his inability to pay costs, and also as to the extent of his actual interest in the amount of the costs. The petitioner, being examined accordingly. testifies, among other things, to certain sums expended by him for his subsistence during the past year, all which he declares

to have been borrowed, and to be still unpaid. His petition, however, which is also sworn to, and purports to set forth all his indebtedness, makes no disclosure of any such indebtedness. If, then, the testimony, upon which this application is based, is true, no discharge could be granted upon the petition in its present condition. It may be that the omission in the petition was the result of mistake, but it cannot be allowed to pass unnoticed. Petitions in bankruptcy must be full, and be true in point of fact; otherwise, no discharge will be granted.

The application to proceed upon the petition in forma pauperis, in the present position of the proceedings, must accordingly be denied.

---

REDFIELD (ANDRAE v.). See Case No. 367.

REDFIELD (ANDREAE v.). See Case No. 368.

REDFIELD (BAKER v.). See Case No. 779.

REDFIELD (BANNENDAHL v.). See Case No. 964.

REDFIELD (BLISS v.). See Case No. 1,549.

REDFIELD (CASE v.). See Case No. 2.494.

REDFIELD (CHOUTEAU v.). See Case No. 2,696.

REDFIELD (CROCKER v.). See Case No. 3,400.

REDFIELD (DE FOREST v.). See Case No. 3,746.

REDFIELD (DRAKE v.). See Case No. 4,065.

REDFIELD (FOWLER v.). See Case No. 5,003.

REDFIELD (JUNGBLUTH v.). See Case No. 7,583.

REDFIELD (LILLIE v.). See Case No. 8,351.

REDFIELD (LOTTIMER v.). See Case No. 8,522.

REDFIELD (MARSHALL v.). See Case No. 9,131.

REDFIELD (POWELL v.). See Case No. 11,359.

REDFIELD (RIESS v.). See Case No. 11,821.

REDFIELD (STRANGE v.). See Case No. 13,524.

REDFIELD (SULLIVAN v.). See Case No. 13,597.

REDFIELD (TOMES v.). See Case No. 14,085.

REDFIELD (YZNAGA v.). See Case No. 18,197.

REDFIELD, The W. C. See Case No. 17,305.

---

## Case No. 11,630.

### REDICK v. FROST.

[Cited in Spitley v. Frost. 15 Fed. 300, 304. Nowhere reported. There was no opinion filed in this case.]

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]